IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| Kueilin Lu Tu, | ) | |
|---|---|---|
| | ) | C/A No. 2:18-cv-734-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U-Haul Co. of South Carolina, Inc.; | ) | **OPINION AND ORDER** |
| U-Haul Co. of North Carolina; and | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On March 16, 2017, Plaintiff Kueilin Lu Tu filed this negligence action against Defendants U-Haul Co. of South Carolina, Inc. (hereinafter "UHSC") and unknown driver John Doe (hereinafter collectively referred to as "Defendants") in the Court of Common Pleas for Charleston County, South Carolina. Case No. 2017-CP10-1382. Plaintiff alleges that on October 13, 2016, she collided with an unoccupied U-Haul rental truck parked along Interstate 26 in Charleston County, South Carolina. Plaintiff sustained injuries as a result of the accident. *See* Traffic Collision Report Form, ECF No. 1-4, 13.

On March 14, 2018, Plaintiff amended the complaint to include Defendant U-Haul Co. of North Carolina (hereinafter "UHNC"), after being notified that Plaintiff had named the incorrect U-Haul entity. *See* ECF No. 1-2. On March 16, 2018, UHNC removed the action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff is a citizen and resident of the state of South Carolina. UHNC is a corporation organized and existing under the laws of the state of North Carolina. UHSC is a corporation organized and existing under the laws of the state of South Carolina. UHNC asserts that UHSC is fraudulently joined and should be disregarded for

purposes of diversity jurisdiction.[1]

On March 23, 2018, UHSC filed a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). On March 30, 2018, Plaintiff filed a motion to remand, asserting, among other things, that UHNC has failed to demonstrate that UHSC is an improper Defendant.[2] UHNC filed a response in opposition on April 12, 2018. Plaintiff filed a response in opposition to UHSC's motion to dismiss on May 2, 2018. On May 22, 2018, Plaintiff filed a motion to amend the complaint. Defendants filed a joint response in opposition to Plaintiff's motion to amend the complaint on June 5, 2018, to which Plaintiff filed a reply on June 12, 2018.

## I. DISCUSSION

**A.    Motions to Remand**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or the

---

[1] Defendant John Doe was the operator and/or occupant of the U-Haul rental truck involved in the accident whose identity and residence were unknown at the time of filing the complaint. In determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

[2] Plaintiff argues that removal of this action by Defendant UHNC was premature because "[a]s of the date of removal, the amended complaint has not been served on any party." *Id*. at 2. However, service of the amended complaint is not required to remove an action to federal court. *See* 28 U.S.C § 1446(b)(3) (noting that "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading"); *see also Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (noting that 28 U.S.C. § 1446 (b)(3) "is broad enough to include any information received by the defendant, whether communicated in a formal or informal matter"). UHNC became aware of its right to remove on March 14, 2018, when the state court judge granted Plaintiff's motion to amend the complaint to add UHNC as a defendant. *See* Consent Order to Amend Complaint, ECF No. 1-3.

value of $75,000 and is between citizens of different states." 28 U.S.C. § 1332(a). Complete diversity of citizenship must exist between the parties, meaning that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 547 (2005). In cases in which the district court's jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008). "Because courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court." *Messex v. Quicken Loans, Inc.*, C/A No. 2:15-cv-04773-JMC, 2016 WL 3597597, at *2 (D.S.C. July 5, 2016).

**B. Fraudulent Joinder**

The doctrine of fraudulent joinder permits a federal court to "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Flores v. Ethicon, Inc.*, 569 F. App'x 266, 269 (4th Cir. 2014). "To establish that a defendant has been fraudulently joined, the removing party must establish either: (1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Flores*, 569 F. App'x at 269 (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 234 (4th Cir. 1993)). "The burden of showing no possibility of relief is heavy." *Id.* at 269. "The removing party 'must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in plaintiff's favor.'" *Id.* (citing *Marshall,* 6 F.3d at 232). "In deciding whether the plaintiff has any chance of recovery against defendant, the court 'is not bound by the allegations of the pleadings, but may instead consider the entire record.'" *AIDS Counseling & Testing Ctrs. v. Group W. Tele, Inc.*, 903

3

F.2d 1000, 1004 (4th Cir. 1990) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

**C.     Motions to Dismiss Under Rule 12(b)(6)**

In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.*

**D.     Interplay Between Motions to Remand and Motions to Dismiss**

The Court of Appeals for the Third Circuit addressed the interplay between a Fed. R. Civ. P. 12(b)(6) motion to dismiss and a motion to remand where there is a claim of fraudulent joinder in *Batoff v. State Farm Insurance. Co.*, 977 F.2d 848 (3d Cir. 1992). The *Batloff* court found that where a 12(b)(6) motion and a claim of fraudulent joinder are both made, a court first must resolve the claim of fraudulent joinder, which is a jurisdictional inquiry. *Id.* at 852. The Court of Appeals for the Fourth Circuit and sister courts in this district have cited to *Batoff* with approval. *See*, *e.g.*, *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Robertson v. Cincinnati Life Ins. Co.*, Civil Action No. 3:16-4242, 2016 WL 6078292 (S.D.W. Va. Oct. 14. 2016); *Blizzard v. Infinity Home Mortgages, LLC*, Civil Action No. 2:15-cv-13553, 2016 WL 5329614 (S.D.W Va. Sept. 21, 2016); *Brantley v. Vaughan*, 835 F. Supp. 258 (D.S.C. 1993). The court therefore turns first to the jurisdictional issue of whether UHSC has been fraudulently joined.

4

E.  Analysis

UHNC does not claim Plaintiff committed outright fraud in pleading jurisdictional facts. Therefore, to prevail, UHNC must show that Plaintiff has no possibility of recovery against UHSC for negligence. To establish a cause of action for negligence, "a plaintiff must show that the (1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered an injury or damages." *Schmidt v. Courtney*, 592 S.E.2d 326, 333-34 (S.C. Ct. App. 2003). "An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." *Williams v. Preiss-Wal Pat III, LLC*, C/A No. 4:13-cv-1667-MGL, 17 F. Supp. 3d 528, 535 (D.S.C. Apr. 29, 2014). "The existence of a duty owed is a question of law for the courts." *Schmidt*, 592 S.E.2d at 333-34. "If there is no duty, the defendant is entitled to judgment as a matter of law." *Williams*, 17 F. Supp. 3d at 535.

In this case, the evidence demonstrates that UHSC did not have ownership or possession of the subject U-Haul rental truck. UHNC's Vice President, Bradley Pruitt, attests that prior to the accident, "the subject U-Haul rental truck was last documented as present on the lot of U-Haul Moving & Storage of Uptown Charlotte, located at 1224 N. Tryon Street, Charlotte, North Carolina 28206." Aff. of Bradley Pruitt, ¶ 10, ECF No. 1-4, 9. Pruitt further states that "[o]n September 27, 2016, Todd Haygood, the general manager of U-Haul Moving & Storage of Uptown Charlotte, reported that the truck was missing from the lot." *Id.* ¶ 11. Pursuant to UHNC protocols, an investigation was commenced to determine the whereabouts of the truck. *Id.* ¶ 12. According to Pruitt, "[o]n October 18, 2016, Herndon [a UHNC employee] reported the subject U-Haul rental truck to UHNC as 'Stolen Off Lot.' Herndon also filed a stolen report with the Charlotte-Mecklenburg Police Department." *Id.* ¶ 13. Pruitt notes that the missing truck was located in

5

Charlotte, North Carolina, the same day, along with a former employee, Shawn Smith.  UHNC was contacted by the Charlotte-Mecklenburg Police Department to recover the truck, and Smith was taken into custody.  *Id.*  ¶ 14.  UHNC confirmed that Smith had stolen the truck on or about September 25, 2016.  *Id.*  Thus, it appears that the U-Haul truck in question was owned by UHNC and that Smith had driven it to South Carolina, where it was involved in the collision with Plaintiff on October 13, 2016.  It appears law enforcement released the truck back into Smith's possession, and he was apprehended in North Carolina several days later.

In addition, Jennifer Settles, Secretary of UHSC, reviewed and research the facts and documents relating to UHSC's business, including whether UHSC leased the subject U-Haul rental truck.  She avers that "the subject rental U-Haul rental truck was not in the possession of, or leased by, an U-Haul Center or authorized dealer operating in the State of South Carolina in the months of September and October of 2016."  Settles Affidavit ¶ 7, ECF No. 7-1, 17.  Settles also attests that Smith has never been employed by UHSC nor any other U-Haul Center or authorized dealer operating under the control of UHSC.  *Id.* ¶ 8.

Plaintiff argues that removal was based on "Defendants' unverified representations that have not been subject to discovery and deposition." ECF No. 10 at 2. As an example of Defendants' alleged misrepresentations, Plaintiff cites to the notice of removal in which UHNC asserts that the subject U-Haul rental truck was unoccupied at the time of the collision and to the deposition of Christine Jettie to show that "she saw a man exit the U-Haul truck following the collision."  *Id*. at 2-3.  The court finds this factual inconsistency to be irrelevant to the question of whether UHSC possessed any ownership, possession, control, or custody of the U-Haul truck at issue, either directly or through an employment relationship with Smith.  Plaintiff does not dispute the affidavits, or allege facts to contradict Pruitt's or Settles' statements. "When the Defendants' affidavits are

undisputed by the Plaintiffs, the court cannot resolve the facts in Plaintiff's favor based solely on the unsupported allegations in the Plaintiff's complaint." *See Boss v. Nissan North America, Inc.*, 228 F. App'x 331, 336 (4th Cir. 2007) (citing *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005)).

Plaintiff has not alleged any facts that would allow a court to reasonably infer a legal duty on the part UHSC flowing to Plaintiff. *See McPherson v. CSX Transportation, Inc.*, C/A No. 4:16-cv-2725-BHH, 2017 WL 1135291, at *7 (D.S.C. Mar. 27, 2017) ("Without a duty, there is no actionable negligence."). Upon consideration of Plaintiff's complaint as pleaded, even when all facts and reasonable inferences are viewed in the light most favorable to Plaintiff, the court finds there is no possibility that Plaintiff could prevail against UHSC on a claim for negligence. The court concludes that UHSC was fraudulently joined. UHSC is hereby dismissed as a party. Its motion to dismiss for failure to state a claim is rendered moot.

**F.**     **Motion to Amend**

Fed. R. Civ. P. 15(a)(1) allows for a pleading to be amended once as a matter of course within twenty-one days after service of the pleading or, if the pleading requires a response, within twenty-one days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This directive gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172 (4th Cir. 2009). The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.

7

1986)).

**G.     Analysis**

Plaintiff seeks to amend her complaint identify John Doe as Shawn Smith. ECF No. 19-1 at 1. UHNC does not object. At issue, however, is whether Smith is a South Carolina or North Carolina citizen. Plaintiff alleges that Smith is a resident and citizen of Charleston, South Carolina, based upon an arrest warrant for Smith that lists his address as 42 Polar Street, Charleston, South Carolina. ECF Nos. 19-1, 19-2.

A person is a citizen of a state only if she is a citizen of the United States and a domiciliary of that state. *Scott v. Cricket Commc'n, LLC*, 865, F.3d 189, 195 (4th Cir. 2017) (citing *Brown v. Keene*, 33 U.S. (8 Pet.) 112, 115 (1834)). Whether a person is a domiciliary turns on the individual's intent. Not all those physically present within a state are residents. *Id.* (citing *Ecker v. Atl. Refining Co.*, 222 F.2d 618, 621 (4th Cir. 1955)). A resident intends to live in the place for the time being and a citizen has an intention to remain in the state indefinitely. *Id.* For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship. *Id.* (quoting *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008)).

Smith declares that "since moving to Charlotte . . . in 2015, I have lived in Charlotte, North Carolina at all times. I have never returned to Charleston, South Carolina with the intention of remaining there to live." Smith Decl. ¶ 9, ECF No. 20-1. Smith attests that he is currently incarcerated at the Mecklenburg County Jail in Charlotte, North Carolina, and upon his release he plans to remain in Charlotte, North Carolina. *Id.* ¶¶ 10, 11. Smith's human resources file from UHNC confirms that at that time of his employment, Smith resided at an address in Charlotte, North Carolina, held a North Carolina driver's license, and previously had been employed in North Carolina. ECF No. 20 at 7-8. The court concludes that Smith is a citizen of North Carolina for

8

purposes of diversity jurisdiction.

The court grants Plaintiff's motion to amend the complaint to identify Smith as John Doe. However, the allegations of Plaintiff's amended complaint must conform with the findings of this court that UHSC is dismissed from this action for the reasons set forth hereinabove.

## II.  CONCLUSION

For the reasons stated, the court denies Plaintiff's motion to remand. ECF No. 10. UHSC's motion to dismiss is rendered moot. ECF No. 7. Plaintiff's motion to amend the complaint is granted in part to provide for the identity of Shawn Smith as Defendant John Doe. ECF No. 19. Plaintiff shall file an amended complaint within ten days of the date of entry of this order, consistent with the court's ruling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

August 9, 2018