IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kueilin Lu Tu, ) | |
| ) | C/A No. 2:18-cv-734-MBS |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| U-Haul Co. of North Carolina, and ) | |
| Shawn Smith, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I.     INTRODUCTION AND FACTUAL BACKGROUND

On March 16, 2017, Kueilin Lu Tu ("Plaintiff") filed this action against Defendants U-Haul Co. of South Carolina ("UHSC"),[1] U-Haul Co. of North Carolina ("UHNC"), and UHNC employee Shawn Smith ("Smith")[2] in the Charleston County, South Carolina, Court of Common Pleas. Case No. 2017-CP-10-1382. On March 16, 2018, UHNC removed the action to federal court pursuant to 28 U.S.C. § 1332. ECF No. 1.

In an amended complaint, filed on August 20, 2018, Plaintiff alleges that on October 13, 2016, she collided with an unoccupied U-Haul rental truck on Interstate 26 in Charleston County, South Carolina. ECF No. 25 at 2. Plaintiff alleges that Smith illegally parked the truck on the side of Interstate 26, causing her to collide with it as she exited the interstate. Id. Plaintiff asserts that Smith "was or is an employee or agent of UHNC" and that that the truck was parked with no exterior lights illuminated. Id. Plaintiff sustained injuries as a result of the accident. Id. Plaintiff alleges that Smith obtained the truck's keys "from UHNC's key box," and that Smith was operating

---

[1] UHSC was terminated as a party on August 20, 2018. ECF No. 26.
[2] Smith was originally an unidentified party, styled as "John Doe." Smith worked as a "customer service representative" for UHNC. Default was entered against Smith on September 27, 2018. ECF No. 35.

1

the truck with UHNC's consent. Id. at 4. Plaintiff brings causes of action for simple negligence and negligent hiring, training and supervision of Smith. Id. at 3-5.

This matter is before the court on a motion for summary judgment filed by UHNC on November 19, 2019. ECF No. 79. UHNC alleges that 1) Plaintiff was solely at fault in the accident that led to this cause of action; 2) UHNC is the victim of a crime and cannot be liable for the actions of the Smith; and 3) there is no legal duty and no evidence to support the claim that UHNC negligently hired, supervised, and trained Smith. Id. at 1.

## II.     LEGAL STANDARD

The court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). The moving party will be entitled to a judgment as a matter of law if the "nonmoving party has failed to make a sufficient showing on an essential element of her case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323–24. The moving party must initially show that there is no genuine issue of material fact. Id. at 323. Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. Id. at 324. A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).

### III.     DISCUSSION

a.  Negligence

Plaintiff asserts Smith negligently operated the subject U-Haul truck by parking it illegally in the middle of Interstate 26. In response, UHNC asserts Plaintiff was at fault in the accident, and it owed no duty to Plaintiff, as Smith was not a UHNC employee at the time of the accident.

In a South Carolina[3] negligence action, a plaintiff must prove: "1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." Chakrabarti v. City of Orangeburg, 743 S.E.2d 109, 112 (S.C. Ct. App. 2013). Furthermore, in South Carolina, an employer can be liable in tort for the actions their employees commit only if an employment relationship "existed at the time of the injuries" and that the tort was committed within the scope of employment. Armstrong v. Food Lion, Inc., 639 S.E.2d 50, 52 (S.C. 2006). "An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and is in furtherance of the master's business." Lane v. Modern Music, Inc., 136 S.E.2d 713, 716 (S.C. 1964).

In a sworn affidavit, Bradley Puritt, the vice president of UHNC, stated that Smith was hired on September 1, 2016, and then subsequently terminated on September 25, 2016, for failure to show up for work. ECF No. 79-9 at 3. The accident at issue in this action occurred on October 13, 2016. The record shows that UHNC did not employ Smith at the time of the accident

---

[3] South Carolina's choice of law jurisprudence requires the court to apply South Carolina law to the analysis of Plaintiff's simple negligence claims, and North Carolina law to analysis of Plaintiff's negligent hiring claims. See Bannister v. Hertz, 450 S.E.2d 629 (S.C. Ct. App. 1994); Boudreau v. Baughman, 368 S.E.2d 849 (N.C. 1988).

and had not employed Smith for almost a month. Pursuant to established South Carolina law, UHNC cannot be liable for the negligence of an individual not in its employ. The court need not address UHNC's contentions that Plaintiff was solely at fault in the accident, as there is no duty imposed upon UHNC.

Even if Smith was still a UHNC employee, Plaintiff's claims would fail because Smith was not acting within the scope of his employment. Todd Haygood, the manager at the UHNC location where Smith was previously employed, testified that no one gave Smith permission to operate the subject U-Haul truck and that Smith stole it. ECF No. 79-8 at 8. Smith Herndon, a customer service representative[4] at the UHNC location where Smith was previously employed, testified that Smith stole the subject U-Haul truck. ECF No. 79-7 at 4. Thus, the evidence supports the finding that Smith was not acting within the scope of his employment when he drove the subject U-Haul truck to South Carolina and parked it on the side of Interstate 26.

**b.     Plaintiff's claims of negligent hiring, training, and supervision**

UHNC argues that Plaintiff's negligent hiring, supervision, and training claim fails because it did not know that Smith created a risk. ECF No. 79 at 16.

In response, Plaintiff argues that UHNC was negligent for not conducting a background check on Smith and that a "free, quick internet search" of court records reveals that Smith has an extensive criminal history. ECF No. 84 at 7. Plaintiff also asserts that the opinion of Defendant's expert witnesses,[5] Alex Wilson, is up for debate and that "[t]he jury must determine whether

---

[4] Herndon testified that he would "run the counter" and "check in trucks" at the UHNC location. ECF No. 79-7 at 5.
[5] Wilson, a human resources expert, opined that UHNC used the appropriate standard of care in hiring Smith, and that UHNC followed its company policy in doing so. ECF No. 79-10.

hiring a criminal and giving him access to a box truck is a negligent act which set forth a chain of events giving rise to the Plaintiff's injuries." Id. at 3.

In North Carolina, for a successful claim of negligent hiring, supervision, and training, a Plaintiff must prove:

> (1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision, and (4) that the injury complained of resulted from the incompetency proved.

Foster v. Nash-Rocky Mount Cty. Bd. of Educ., 191 N.C. App. 323, 330, 665 S.E.2d 745, 750 (2008).

Here, UHNC does not dispute that it did not conduct a background check on Smith. UHNC argues that it was under no duty to do so. In Moricle v. Pilkington, the Court of Appeals of North Carolina held that an employer is under no obligation to conduct a background check on his or her employees. 462 S.E.2d 531, 534 (N.C. Ct. App. 1995). Therefore, Plaintiff cannot prevail simply because UHNC did not perform a background check on Smith. Although a background check was not conducted, UHNC stated that it had Smith complete an employment application. In that application, Smith "affirmed that he never had his license suspended or revoked, never been convicted for any crimes arising out of the operation of a motor vehicle, had not been in any motor vehicle accidents for the past five years, and had not received any driving citations in the past five years." ECF No. 79 at 18-19. Plaintiff cannot prove any specific negligent acts UHNC performed in hiring Smith, nor can Plaintiff prove that UHNC had actual or constructive notice of any incompetency or prior negligent acts performed by Smith. The court concludes that UHNC was not negligent in hiring Smith.

## IV. CONCLUSION

UHNC's motion for summary judgment, ECF No. 79, is **GRANTED**. The pending motions to exclude evidence in this matter, ECF Nos. 97 and 98, are **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Dated: August 28, 2020  
Charleston, South Carolina