IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kueilin Lu Tu, | ) | |
| | ) | C/A No. 2:18-cv-734-MBS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| U-Haul Co. of North Carolina, and Shawn Smith, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Kueilin Lu Tu's motion for reconsideration of the court's opinion and order granting summary judgment in favor of Defendant U-Haul Co. of North Carolina ("UHNC") ("Motion for Reconsideration"). ECF No. 106. Also before the court is UHNC's notice and motion for taxation of costs ("Motion for Taxation of Costs"), ECF No. 105, and Plaintiff's motion to stay and for enlargement of time to reply to the Motion for Taxation of Costs, ("Motion for Extension"), ECF No. 107. The court has carefully reviewed the relevant filings and the applicable law and, for the reasons set forth in this order, denies the Motion for Reconsideration and grants the Motion for Extension.

**BACKGROUND**

The factual background and procedural history of this case is thoroughly set forth in the order issued by this court on August 28, 2020, ECF No. 103, (the "Order") and the court assumes familiarity therewith. Plaintiff asserted two causes of action in the operative pleading: 1) Negligence; and "Negligent Hiring Supervision and Training of Employee." ECF No. 25. UHNC moved for summary judgment on the bases that 1) Plaintiff was solely at fault in the accident that led to this lawsuit; 2) UHNC is the victim of a crime and cannot be liable for the actions of its co-defendant, Shawn Smith; and 3) there is no legal duty and no evidence to support the claim that

UHNC negligently hired, supervised, and trained Smith. ECF No. 79. With respect to Plaintiff's simple negligence claim, the court in its Order found that to the extent Smith was negligent, he was not employed by UHNC at the time of the accident and therefore UHNC could not be held liable for Smith's actions or failure to act. In finding no duty attributable to UHNC, the court declined to address UHNC's contention that Plaintiff was solely at fault for the accident. The court also found that to the extent Smith was a UHNC employee at the time of the accident, the evidence demonstrated he was not acting within the scope of his employment when he parked the subject U-Haul truck on the side of I-26. With respect to the claim for negligent hiring, training, and supervision, the court found that Plaintiff had not carried her burden of proof that UHNC had acted negligently in hiring Smith or that UHNC had actual or constructive notice of any prior act of incompetency or negligence attributable to Smith.[1]

On September 25, 2020, Plaintiff filed the Motion for Reconsideration contending that she demonstrated in her response to the motion for summary judgment "specific, material facts that give rise to UHNC's liability," and that the Order "does not address Plaintiff's claims that UHNC was negligent in supervising and negligent in failing to properly train its employee." ECF No. 106 at 2. UHNC filed a response in opposition asserting that the Motion for Reconsideration fails to address any of the factors necessary to alter or amend a judgment and fails to present a legal or factual basis for modifying the Order. ECF No. 109. Plaintiff did not file a reply.

## LEGAL STANDARD

Plaintiff moves for relief under Federal Rules of Civil Procedure 59(e) and 60(b)(6). Under Rule 59(e), a party may move to alter or amend a judgment within 28 days after the entry of the

---

[1] The court applied South Carolina law to the claim of negligence and North Carolina law to the claim of negligent hiring, training, and supervision.

judgment. Fed. R. Civ. P. 59(e). The Fourth Circuit has advised that a Rule 59(e) motion is discretionary and should be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)). *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

Under Rule 60(b), on motion and just terms, the court may relieve a party from a final judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and, specific to Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (6). In addition, the moving party must make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment. *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The moving party must satisfy the threshold inquiry first and then demonstrate relief under one of the several grounds for relief in Rule 60. *Union Ins. Co. v. Soleil Group, Inc.*, 585 F. Supp. 2d 783, 785 (D.S.C. 2008) (quoting *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir. 1987)).

A motion seeking reconsideration of an order is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the court's entry of judgment. Rather, such a motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. As such,

3

reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## DISCUSSION

Plaintiff asserts she alleged UHNC was liable both for Smith's actions at the time of the accident and "for its own negligent hiring, negligent supervision, and negligent training" of Smith, and contends that the Order addresses only the claim for respondeat superior and for negligent hiring and omits discussion of allegations of UHNC's negligence in supervision and/or training. ECF No. 106 at 4. Plaintiff argues "the claims for negligent supervision and negligent training are separate claims from one another and separate claims from the negligent hiring claim." *Id.*

Defendant responds that the court should review the Motion for Reconsideration under Rule 59(e) only because the Motion mentions Rule 60(b)(6) just once and because the Motion was filed within 28 days of the judgment. ECF No. 109 at 2 (citing *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) ("[w]e have squarely held, however, that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment") (citation omitted)).[2] Defendant argues that Plaintiff is entitled to no relief under Rule 59(e) because she fails to mention let alone satisfy any of the factors that must be met before the court may alter or amend a judgment.

The court agrees that review under Rule 59(e) alone is appropriate and further agrees with Defendant that the Motion for Reconsideration fails to meet the standard set forth in the

---

[2] The 2009 amendment to Rule 59(e) extended the time for moving to alter or amend a judgment from 10 days to 28 days.

4

Rule.[3]  Plaintiff points to no intervening change in controlling law and presents no new evidence. She asserts the court erred in its analysis of her second cause of action, but for support she raises only arguments she already presented in response to the motion for summary judgment and arguments that she could have raised in opposition to summary judgment but chose not to.[4]  She therefore has not identified a "clear error of law" in the judgment.  Nor has she demonstrated that the court misapprehended the facts or arguments presented.  Accordingly, she has not shown she is entitled to relief under Rule 59(e).

In the Motion for Extension, Plaintiff asks the court to stay her deadline for responding to the Motion for Taxation of Costs until such time as the court rules on the Motion for Reconsideration and to grant an extension of the deadline to respond to ten days following an order on said motion.  ECF No. 107.  The Motion for Extension is granted; Plaintiff shall file a response to the Motion for Taxation of Costs within ten days of the date this Order is issued.

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 106, is denied and Plaintiff's Motion for Extension, ECF No. 107, is granted.

---

[3] The Motion for Reconsideration would fare no better under a Rule 60(b)(6) review.  The subsection Plaintiff moves under is considered a catchall provision that allows the court to grant relief from a judgment or order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  For the very reasons Plaintiff does not satisfy Rule 59(e), she would not satisfy Rule 60(b)(6).

[4] For instance, Defendant moved for summary judgment on "all claims asserted against it in this case," ECF No. 79 at 1, thereby placing Plaintiff on notice that the motion was fully dispositive of the operative complaint.  Defendant argued there was "no legal duty and no evidence to support the claim for negligent hiring, supervision, and training of Shawn Smith," *id.* at 16, which characterization of the second cause of action merely restated how Plaintiff pleaded the claim in the operative complaint.  To the extent Plaintiff took issue with that characterization of her pleading, or Defendant's recitation of the elements of the claim and proof necessary to support the claim, she should have argued the point in her response to the motion.

**IT IS SO ORDERED.**

                                                /s/Margaret B. Seymour  
                                                Margaret B. Seymour  
                                                Senior United States District Judge

October 27, 2020  
Charleston, South Carolina