IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kueilin Lu Tu, ) | |
| ) | C/A No. 2:18-cv-734-MBS |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| U-Haul Co. of North Carolina, and ) | |
| Shawn Smith, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Notice and Motion for Taxation of Costs ("Motion"), ECF No. 105, filed by Defendant U-Haul Co. of North Carolina ("UHNC") and former defendant U-Haul Co. of South Carolina, Inc. ("UHSC") whom, for the purposes of this Order, the court will refer to collectively as Defendants. Plaintiff Kueilin Lu Tu filed a response in opposition, ECF No. 112, to which Defendants filed a reply, ECF No. 113.

### DISCUSSION

Plaintiff initiated this lawsuit in state court and, following removal to this court, asserted two causes of action in the operative pleading for negligence and for "Negligent Hiring Supervision and Training of Employee." ECF No. 25.[1] UHNC moved for summary judgment on the bases that 1) Plaintiff was solely at fault in the accident that led to this lawsuit; 2) UHNC is the victim of a crime and cannot be liable for the actions of its co-defendant, Shawn Smith; and 3) there is no legal duty and no evidence to support the claim that UHNC negligently hired, supervised, and trained Smith. ECF No. 79. The court granted the motion in an order dated August 28, 2020, ECF No. 103, and entered judgment in favor of UHNC the same day, ECF No. 104.

---

[1] Plaintiff initially named UHSC as the corporate defendant, ECF No. 1-1, and subsequently amended her complaint to substitute UHNC for UHSC, ECF No. 25.

Plaintiff thereafter filed a contested motion for reconsideration, ECF Nos. 106, 109, which the court denied in an order dated October 29, 2020, ECF No. 110.  Defendants now move as the prevailing party for an award of costs.

Federal Rule of Civil Procedure 54(d) provides that with exceptions not applicable here, the court should allow the prevailing party to recover costs other than attorney's fees.  Fed. R. Civ. P. 54(d)(1).  Section 1920 of Title 28 of the United States Code enumerates allowable costs as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The party claiming any item of cost must support the request by attaching thereto an affidavit attesting that the items requested are correct and that the cost has been "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.  There is a presumption that the prevailing party in a lawsuit will be able to collect costs, and once the prevailing party makes a showing that taxation of costs is proper, the burden shifts to the losing party to show otherwise.  *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  The court must articulate some "good reason" should it exercise its discretion to deny the prevailing party its costs.  *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).  *See Jeter v. Allstate Ins. Co.*, No. CV 7:15-1458-TMC, 2017 WL 5593296, at *2 (D.S.C. Mar. 28, 2017)  (articulating the following factors as potential good reasons that justify denying an award of costs "(1) misconduct by the prevailing party; (2) the

unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided.").

Defendants seek costs in the amount of $4,996.66 for the following expenditures: state and federal court filing fees; witness and mileage fees; deposition transcripts; and interpreter fees. ECF No. 105-2. For support, Defendants attach to their motion the affidavit of attorney Jay T. Thompson, who acted as their counsel in this case, and offer invoices corresponding to their list of costs, several of which are redacted. *See* ECF No. 105-2. Accordingly, Defendants' filings satisfy the Federal Rules governing an award of costs and Plaintiff carries the burden to show that reimbursement would be improper.[2]

In her response, Plaintiff asserts that Defendants have redacted "all the useful information" from the invoices representing Defendants' costs and otherwise opposes the request on the following myriad bases:

> The State Court Motion for Summary Judgment was not granted and therefore the $25.00 reimbursement should be denied. The Motion fee for the Consent Confidentiality Order should also be denied as there were no secret or sensitive materials exchanged during discovery; this was merely Defendant's preference. The same is true for Michael Kaeding's pro hoc vice admission; it was merely Defendant's preference as Mr. Kaeding did not file anything related to this matter with the Court and his signature appears only on the agreement made in Mecklenburg County Detention Center with co-Defendant Shawn Smith, wherein Defendant promises to forego criminal prosecution of Mr. Smith in exchange for an affidavit as to his residency.

ECF No. 112. Plaintiff also disputes the accuracy of the costs associated with six deposition transcripts. *Id.* Finally, Plaintiff suggests that "Defendant is a large corporation that can easily

---

[2] Defendants' filings also satisfy this District's Local Rules of practice. *See* Local Civ. Rule 54.03 (D.S.C.).

3

bear the cost of this litigation," represents that the lawsuit "was pursued in good faith," and contends it would be "unjust" to penalize her by ordering reimbursement of costs. *Id.*

In reply, Defendants represent that the only information redacted from the exhibits is "internal tracking information used by the law firm, and it is irrelevant for purposes of the Motion." ECF No. 113 at 2. Defendants further assert that recovery of fees is not dependent on the "after-the-fact assessment" of whether an order, such as a confidentiality order, is necessary, nor is it conditioned on the outcome of a ruling on a specific motion. *Id.* As to deposition transcripts, Defendants state that their invoices reflect a higher fee than Plaintiff's invoices because Defendants requested and paid for the original, sealed transcripts. *Id.* at 3.

The court is satisfied that Defendants seek reimbursement for costs associated with filings, witness appearances, and deposition transcripts that were reasonably necessary to the case and finds that these costs are allowable and reasonable. The court further finds that Plaintiff has not presented a good reason for denying an award of those costs. Accordingly, Defendants' Motion for Taxation of Costs, ECF No. 105, is granted. The Clerk shall tax costs against Plaintiff in the amount of **$4,996.66**.

    **IT IS SO ORDERED.**

/s/Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

March 4, 2021  
Charleston, South Carolina

4